989 A.2d 827

VIVIAN CRESPO, PLAINTIFF, v. ANIBAL CRESPO, DEFENDANT–APPELLANT, AND STATE OF NEW JERSEY, INTERVENER–RESPONDENT.

Argued January 6, 2010—Decided February 18, 2010.

*David N. Heleniak* argued the cause for appellant (*O'Donnell, McCord & DeMarzo*, attorneys).

*Melissa H. Raksa*, Assistant Attorney General, argued the cause for respondent (*Anne Milgram*, Attorney General of New Jersey, attorney; *V. Nicole Langfitt*, Deputy Attorney General, on the briefs).

*Lawrence S. Lustberg* submitted a brief on behalf of amicus curiae New Jersey Coalition for Battered Women (*Gibbons*, attorneys; *Mr. Lustberg* and *Eileen M. Connor*, a member of the New York and California bars, on the brief).

*Andrew L. Schlafly* submitted a brief on behalf of amicus curiae Eagle Forum Education & Legal Defense Fund.

PER CURIAM.

The judgment of the Appellate Division is affirmed substantially for the reasons expressed in the thorough opinion by Judge Fisher. *Crespo v. Crespo*, 408 *N.J.Super.* 25, 972 *A.*2d 1169 (App.Div.2009).

The panel correctly determined that the Prevention of Domestic Violence Act (Act), *N.J.S.A.* 2C:25–17 to –35, was constitutional. Specifically, the panel properly concluded (1) that defendant's "argument that the various procedural aspects of the Act violate *N.J. Const.* art. VI, § 2, ¶ 3, [was] utterly without merit[,]" *id.* at 34, 972 *A.*2d 1169; (2) that *Roe v. Roe*, 253 *N.J.Super.* 418, 601 *A.*2d 1201 (App.Div.1992), required the rejection of "defendant's arguments regarding the constitutional sufficiency of the preponderance standard in actions brought pursuant to the Act," *id.* at 37, 601 *A.*2d 1201; (3) that "the preponderance standard, as applied in domestic violence matters, conforms with the requirements of due process[,]" *ibid.*; (4) that "defendant's argument that by allowing the seizure of a defendant's firearms upon a finding of domestic violence, the Act permits a deprivation of an individual's Second Amendment right to bear arms" also must be rejected, *id.* at 41, 601 *A.*2d 1201; (5) that defendant's claim that "the Act's requirement that a final hearing be held within ten days of the filing of the complaint, *see N.J.S.A.* 2C:25–29(a), deprived him of due process" lacked merit, *id.* at 43, 601 *A.*2d 1201; and (6) that "when the alleged victim of domestic violence ... chiefly seeks a restraining order—even if other ancillary relief, such as damages, is also sought—the right to trial by jury does not attach[,]" *id.* at 46–47, 601 *A.*2d 1201. We add only the following.

To the extent defendant raised whether the Second Amendment's right to bear arms, *U.S. Const.* amend. II, applies to the states, *id.* at 41–43, 601 *A.*2d 1201, we note that the issue of "[w]hether the Second Amendment right to keep and bear arms is incorporated as against the States by the Fourteenth Amendment's Privileges or Immunities or Due Process Clauses" presently is pending before the Supreme Court of the United States.

*National Rifle Assoc. v. City of Chicago,* 567 *F.*3d 856 (7th Cir.2009), *cert. granted,* —— U.S. ——, 130 *S.Ct.* 48, 174 *L.Ed.*2d 632 (2009). We need not reach that point because the right to possess firearms clearly may be subject to reasonable limitations. *See District of Columbia v. Heller,* —— U.S. ——, ——, 128 *S.Ct.* 2783, 2816–17, 171 *L.Ed.*2d 637, 678 (2008) (holding that "[l]ike most rights, the right secured by the Second Amendment is not unlimited" and endorsing "longstanding prohibitions on the possession of firearms").

The judgment of the Appellate Division is affirmed.

*For Affirmance*—Chief Justice RABNER and Justices LONG, LaVECCHIA, ALBIN, WALLACE, RIVERA–SOTO and HOENS—7.

*Opposed*—None.