SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**New Jersey Division of Child Protection and Permanency v. K.N. & K.E. (A-10/11-14) (074161)**

**(NOTE: The Court did not write a plenary opinion in this case. Instead, the Court affirms the judgment of the Appellate Division, as modified, substantially for the reasons expressed in Judge Messano's written opinion, which is published at 435 N.J. Super. 16 (App. Div. 2014).)**

**Argued September 16, 2015 -- Decided December 15, 2015**

**PER CURIAM**

In this appeal, the Court considers the scope of a Family Part judge's authority to make placement and licensing decisions under Titles Nine, N.J.S.A. 9:6-8.21 to -8.73; Thirty, N.J.S.A. 30:4C-11 to -14; and specifically the Resource Family Parent Licensing Act, N.J.S.A. 30:4C-27.3 to -27.15.

In May 2013, the Family Part awarded temporary custody of six-year-old "Tommy" to the Division of Child Protection and Permanency ("Division"). The Division temporarily placed him with his maternal grandmother, with whom he had been residing for several months. It was later revealed that Tommy's maternal step-grandfather had been the subject of a domestic-violence complaint, which was dismissed. The Division substantiated the domestic violence claim and determined that the grandparents' home could not be licensed under the Resource Family Parent Licensing Act ("Act"). As a result, the Division placed Tommy with his maternal great aunt who was eligible to be licensed as a resource family parent and receive financial assistance under the Act.

At the permanency hearings that followed, the Law Guardian argued that Tommy should be returned to his maternal grandparents because Tommy was developing "attachment" issues and experiencing "personality changes." The Division maintained that Tommy could not be returned to the grandparents' home because his step-grandfather had been the subject of a domestic violence complaint that was substantiated by the Division. Following the hearings, the Family Part ordered the Division to return Tommy to his grandparents' home and to provide them with the financial assistance available to a resource family parent licensed under the Act.

The Division filed an emergent appeal to stay the Family Part's order. The Appellate Division held that the Family Part had the authority to place Tommy with his maternal grandparents, but remanded the matter for further consideration of all relevant statutory and regulatory factors to determine the suitability of the placement. N.J. Div. of Child Prot. & Permanency v. K.N., 435 N.J. Super. 16 (App. Div. 2014). The Appellate Division also concluded that the Family Part exceeded its authority when it ordered the Division to make resource family parent payments to the maternal grandparents, and that a final restraining order entered pursuant to the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35, against an individual in a household bars that household from licensure as a resource family parent.

This Court granted leave to appeal. 219 N.J. 624-25 (2014).

**HELD:** The Family Part had the authority to determine that the child's best interests were served by his continued placement with a relative not licensed as a resource family parent under the Act. The Family Part did not have the authority to compel the Division to pay financial assistance under the Act to a relative not licensed as a resource family parent. Accordingly, the Appellate Division's judgment is affirmed as to those determinations. Because the Division returned Tommy to the care and custody of his mother, the Appellate Division's remand to the Family Part is dismissed as moot.

1. For future guidance, the Court explains: (1) a Family Part judge may require the Division to pay statutorily authorized assistance to unlicensed persons caring for a foster child; and (2) entry of a temporary or final restraining order may be considered by a Family Part judge as a factor in a child's placement review, but does not automatically

disqualify a potential resource family parent from licensure under the Act.  N.J.S.A. 30:4C-26.8(d) provides that no person may serve as a resource family parent "if that person or any adult residing in that person's household ever committed a crime which resulted in a conviction for" domestic violence pursuant to the Prevention of Domestic Violence Act.  However, entry of a temporary or final restraining order is not a criminal conviction.  (pp. 5-6)

The judgment of the Appellate Division is **AFFIRMED AS MODIFIED,** substantially for the reasons expressed in Judge Messano's opinion.

**CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, PATTERSON, and SOLOMON; and JUDGE CUFF (temporarily assigned) join in this opinion.  JUSTICE FERNANDEZ-VINA did not participate.**

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

    Plaintiff-Respondent
    and Cross-Appellant,

        v.

K.N.

    Defendant and Cross-
    Respondent,

        and

K.E.,

    Defendant.

_____

IN THE MATTER OF T.E.,
a minor,

    Appellant and Cross-
    Respondent.

        Argued September 16, 2015 – Decided December 15, 2015

        On appeal from the Superior Court, Appellate
        Division, whose opinion is reported at 435
        N.J. Super. 16 (App. Div. 2014).

        Noel C. Devlin, Assistant Deputy Public
        Defender, argued the cause for appellant
        cross-respondent (Joseph E. Krakora, Public
        Defender Law Guardian, attorney).

        Christian A. Arnold, Deputy Attorney
        General, argued the cause for respondent
        cross-appellant (John J. Hoffman, Acting
        Attorney General of New Jersey, attorney;

Andrea M. Silkowitz, Assistant Attorney
General, of counsel).

T. Gary Mitchell, Deputy Public Defender,
argued the cause for cross-respondent
(Joseph E. Krakora, Public Defender Parental
Representation, attorney; Mr. Mitchell and
Robyn A. Veasey, of counsel).

Jeyanthi C. Rajaraman argued the cause for
amicus curiae Legal Services of New Jersey
(Melville D. Miller, Jr., President; Ms.
Rajaraman, Mr. Miller, and Mary M. McManus-
Smith, on the brief).

PER CURIAM.

This appeal concerns the scope of a Family Part judge's authority to make placement and licensing decisions under Titles Nine, N.J.S.A. 9:6-8.21 to -8.73; Thirty, N.J.S.A. 30:4C-11 to -14; and specifically the Resource Family Parent Licensing Act, N.J.S.A. 30:4C-27.3 to -27.15.

The pertinent facts gleaned from the record are as follows. In May 2013, the Division of Child Protection and Permanency ("Division") filed an Order to Show Cause for Care and Supervision of T.E. ("Tommy"), the six-year-old son of K.N. ("Kara") and K.E. ("Kevin").[1] The Family Part investigated allegations of domestic violence and drug use in Tommy's home and awarded temporary custody of Tommy to the Division. The Division temporarily placed Tommy in the home of his maternal

---

[1] As did the Appellate Division, we fictionalized the names of the parties involved to protect their anonymity and to be consistent with the opinion of the Appellate Division.

grandmother, where he had been residing for several months, and conducted an on-site evaluation of the home. A later evaluation revealed that Tommy's maternal step-grandfather had been the subject of a domestic-violence complaint, which was dismissed. The Division substantiated the domestic violence claim and determined that the maternal grandparents' home could not be licensed under the Resource Family Parent Licensing Act ("Act"). As a result, the Division removed Tommy from his maternal grandparents' home and placed him with his maternal great aunt who was eligible to be licensed as a resource family parent and receive financial assistance under the Act.

At the permanency hearings that followed Tommy's placement with his maternal great aunt, the Law Guardian argued that Tommy should be returned to the home of his maternal grandparents because Tommy was developing "attachment" issues and experiencing "personality changes." The Division maintained that Tommy could not be returned to the home because the maternal step-grandfather had been the subject of a domestic violence complaint that was substantiated by the Division. At the conclusion of the hearings, the Family Part judge ordered the Division to return Tommy to the home of his maternal grandparents and to provide them with the financial assistance available to a resource family parent licensed under the Act.

The Division filed an emergent appeal to stay the Family Part's order. The Appellate Division held that the Family Part had the authority to place Tommy with his maternal grandparents, but remanded the matter for further consideration of all relevant statutory and regulatory factors to determine the suitability of the placement. N.J. Div. of Child Prot. & Permanency v. K.N., 435 N.J. Super. 16 (App. Div. 2014). The Appellate Division also concluded that the Family Part exceeded its authority when it ordered the Division to make resource family parent payments to the maternal grandparents, and that a final restraining order entered pursuant to the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35, against an individual in a household bars that household from licensure as a resource family parent. Id. at 32-33, 33-38. This Court granted leave to appeal. 219 N.J. 624-25 (2014).

We are called upon to resolve two issues: (1) whether the Family Part has the authority to place a minor who is under the care and supervision of the Division in the household of a relative who has not been licensed by the Division as a resource family parent under the Act; and (2) whether the Family Part may compel the Division to provide to an unlicensed household financial assistance available to a resource family parent licensed under the Act.

4

We affirm, substantially for the reasons expressed in the Appellate Division opinion, that the Family Part judge had the authority to determine that the child's best interests were served by his continued placement with a relative not licensed as a resource family parent under the Act, and that the Family Part judge did not have the authority to compel the Division to pay financial assistance under the Act to a relative not licensed as a resource family parent.  However, because the Division returned Tommy to the care and custody of his mother, we dismiss as moot the Appellate Division's remand to the Family Part to consider factors relevant to a placement review, including the claim of prior domestic violence involving the maternal step-grandfather.

We add the following two points for future guidance. First, a Family Part judge may require the Division to pay statutorily authorized assistance to unlicensed persons caring for a foster child.  See N.J.S.A. 30:4C-2(a) (describing the Division as being responsible for the "maintenance . . . of children"); see also N.J.S.A. 30:4C-2(f) (stating that "maintenance . . . includes but is not limited to moneys expended for shelter, utilities, food, repairs, essential household equipment, and other expenditures to remedy situations of an emergent nature to permit, as far as practicable").

Second, entry of a temporary or final restraining order may be considered by a Family Part judge as a factor in a child's placement review, but does not automatically disqualify a potential resource family parent from licensure under the Act. N.J.S.A. 30:4C-26.8(d) provides that no person may serve as a resource family parent "if that person or any adult residing in that person's household ever committed a crime which resulted in a conviction for" domestic violence pursuant to the Prevention of Domestic Violence Act. However, entry of a temporary or final restraining order is not a criminal conviction. See J.D. v. M.D.F., 207 N.J. 458, 474 (2011) (noting that "the Prevention of Domestic Violence Act tests a victim's entitlement to relief in accordance with the preponderance of the evidence standard, consistent with the lowered burden of proof in civil proceedings"); see also Crespo v. Crespo, 408 N.J. Super. 25, 38-40 (App. Div. 2009) (concluding that restraints under the Prevention of Domestic Violence Act are essentially civil in nature), aff'd o.b., 201 N.J. 207 (2010).

The judgment of the Appellate Division is modified and affirmed.


CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, PATTERSON, and SOLOMON; and JUDGE CUFF (temporarily assigned) join in this opinion. JUSTICE FERNANDEZ-VINA did not participate.

6

SUPREME COURT OF NEW JERSEY

NO.    A-10/11                          SEPTEMBER TERM 2014

ON APPEAL TO          Appellate Division, Superior Court


NEW JERSEY DIVISION OF CHILD PROTECTION
AND PERMANENCY,

       Plaintiff-Respondent
       and Cross-Appellant,

           v.

K.N.

       Defendant and Cross-Respondent,

         and

K.E.,

       Defendant.


IN THE MATTER OF T.E.,
a minor,

Appellant and Cross-Respondent.


DECIDED            December, 15, 2015
            Chief Justice Rabner            PRESIDING
OPINION BY        Per Curiam
CONCURRING/DISSENTING OPINIONS BY
DISSENTING OPINION BY

| CHECKLIST | AFFIRM AS MODIFIED | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | -------------------- | |
| JUSTICE SOLOMON | X | |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 6 | |