# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2461-17T2

H.D.,

    Plaintiff-Respondent,

v.

H.H.,

    Defendant-Appellant.

_____

Argued June 4, 2019 – Decided July 29, 2019

Before Judges Messano and Fasciale.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FV-02-1513-17.

H.H., appellant, argued the cause pro se.

H.D., respondent, argued the cause pro se.

PER CURIAM

Following a two-day hearing at which both parties represented themselves, the Family Part entered the March 29, 2017 final restraining order

(FRO) in favor of plaintiff H.D. against defendant H.H., prohibiting contact between defendant and plaintiff, her mother, sister, the parties' son, U.H., and plaintiff's two other children. The judge also imposed a civil penalty of $500, ordered defendant to pay plaintiff $10,000 in compensatory damages, and granted plaintiff sole custody of U.H.

Represented by counsel, defendant filed a motion for reconsideration, which, for a variety of reasons explained in the judge's oral decision, actually was not decided until January 2018. The judge denied the motion, and defendant filed this appeal.[1]

Before us, defendant contends the judge's "failure to appoint counsel" was reversible error, because it resulted in the denial of defendant's "constitutional right to call witnesses . . . ." He also asserts that the judge's "assessment of

---

[1] Although we cannot definitively tell from the record provided when the motion for reconsideration was filed, the judge considered its merits so we assume it was timely pursuant to Rule 4:49-2, and that it tolled the forty-five day limit for the timely filing of an appeal. See Rules 2:4-1(a) and 2:4-3(e). Defendant filed his notice of appeal within days of the January 19, 2018 order denying reconsideration, so we consider both the FRO and the order denying reconsideration to be subject to our review. Defendant's appendix does not include the motion for reconsideration, so we base our consideration of any issues raised in that regard solely on the transcript of the judge's oral decision on the motion.

A-2461-17T2

plaintiff['s] credibility was faulty" and compels reversal. We have considered these arguments in light of the record and applicable legal standards. We affirm.

"The scope of appellate review of a trial court's fact-finding function is limited. The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12 (1998) (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)). "Deference is especially appropriate 'when the evidence is largely testimonial and involves questions of credibility.'" Id. at 412 (quoting In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997)). Moreover, "[b]ecause of the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference to family court factfinding." Id. at 413. However, we do not defer to the judge's legal conclusions if "based upon a misunderstanding of [] applicable legal principles." T.M.S. v. W.C.P., 450 N.J. Super. 499, 502 (App. Div. 2017) (quoting N.T.B. v. D.D.B., 442 N.J. Super. 205, 215 (App. Div. 2015)).

In addition, we have said that

> [r]econsideration itself is "a matter within the sound discretion of the Court, to be exercised in the interest of justice[.]" It is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion, but

3

should be utilized only for those cases which fall into that narrow corridor in which either 1) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence.

[Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).]

"[T]he magnitude of the error cited must be a game-changer for reconsideration to be appropriate." Id. at 289.

The transcripts of the hearing itself do not reveal that defendant ever requested the judge to appoint counsel to represent him, however, defendant apparently raised the issue in the motion for reconsideration as an alleged violation of his due process rights. In denying the motion for reconsideration, the judge noted that the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35, does not authorize appointment of counsel, despite the significant consequences that flow from entry of an FRO. The judge said she "always advise[d] both sides of their rights to have counsel[,]" see Rule 5:3-

4(a), and that she would have adjourned the trial if necessary.[2] In fact, the record supports the conclusion that the parties were before the judge eleven days before trial, and the judge provided them with potential resources for representation if they otherwise could not afford an attorney.

While the consequences that flow from the entry of an FRO are substantial, the PDVA "does not authorize appointment of counsel for the parties in a domestic violence action. . . . Thus, without any statutory authority, a directive . . . requiring appointment of counsel would rest on constitutional grounds." D.N. v. K.M., 216 N.J. 587, 588 (2014). As the Court noted there in similar procedural circumstances, "this case is not a good vehicle to embark on

---

[2] Rule 5:3-4(a) provides:

> In all matters the parties shall have the right to be represented by counsel. In family matters the court shall advise . . . of their right to retain counsel and, if counsel is not otherwise provided for the family and if the matter may result in the institutional commitment or other consequence of magnitude to any family member, or if any family member is constitutionally or by law entitled to counsel, the court shall refer the family member to the Office of the Public Defender, if appropriate, or assign other counsel to represent the . . . family member.
>
> [(Emphasis added).]

A-2461-17T2

a constitutional analysis of the issue presented because, based on the record before us, petitioner did not assert that []he was indigent or ask the trial court to appoint counsel to represent [him]." Id. at 589; accord Crespo v. Crespo, 408 N.J. Super. 25, 45 (App. Div. 2009), aff'd, 201 N.J. 207 (2010).

Defendant argues a particular entitlement to counsel because of his "emotional disorder." However, as noted, nothing in the record demonstrates that he raised the issue at trial or that defendant lacked the competency to have represented himself at trial.

Defendant also asserts the failure to appoint counsel in this case left him unable to call necessary witnesses because he was unfamiliar with procedure. At the beginning of the hearing, defendant indicated he wished to call certain witnesses. The judge asked if defendant properly subpoenaed them, but he had not. Noting the case was set for trial that day, and without any specific request for an adjournment, the judge forged on. At the end of the day, both sides indicated they had no further witnesses.[3]

The following day, the judge noted that a police officer, having apparently received a subpoena that morning, called chambers. The judge's staff advised

---

[3] There were cross-complaints and both plaintiff and defendant had temporary restraining orders in place at the time of trial.

A-2461-17T2

that the officer's appearance was unnecessary because both sides "rested." Defendant vehemently objected and asked for an adjournment, which the judge denied.

We have acknowledged a party's right in proceedings under the PDVA to call witnesses in his or her own defense and to conduct cross-examination. See, e.g., Peterson v. Peterson, 374 N.J. Super. 116, 124-25 (App. Div. 2005). However, defendant did not comply with Rule 1:9-1, which requires service of the subpoena at least five days in advance. See Rubin v. Rubin, 188 N.J. Super. 155, 159 (App. Div. 1982) (noting that self-represented litigants are not "entitled to greater rights than are litigants who are represented" by counsel and are expected to adhere to the court rules).

Moreover, while the trial judge always has discretion to permit the re-opening of a case after a party has rested, see, e.g., State v. Wolf, 44 N.J. 176, 191 (1965), we cannot conclude she mistakenly exercised her discretion here. We gather from the transcript that the subpoenaed officer had investigated defendant's claims that contrary to plaintiff's allegations, plaintiff actually was harassing him by making false allegations about one of the many particular

incidents testified to by both parties and a third witness, plaintiff's mother.[4]

Given the judge's findings about the many other incidents, even if the failure to reopen the case was an abuse of discretion, we cannot conclude it amounted to reversible error, that is, an error "of such a nature as to have been clearly capable of producing an unjust result . . . ." R. 2:10-2.

Lastly, defendant argues the judge's conclusion that plaintiff was a credible witness was not supported by the evidence. As already noted, we did not try the case, and our standard of review requires us to defer to the trial judge's ability to observe the witnesses and assess their credibility. Cesare, 154 N.J. at 412.

Here, the judge made extensive findings regarding the credibility of both plaintiff and defendant. Simply put, we are not at liberty to ignore those findings and conclusions and reach different ones ourselves "unless [we are] convinced that [they] were 'so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests

---

[4] During the first day of the hearing, defendant offered an investigative report that may have been authored by the officer. However, the judge ruled the report was hearsay, and, although marked for identification, it was not admitted into evidence. It is not part of the appellate record.

of justice.'"  <u>H.S.P. v. J.K.</u>, 223 N.J. 196, 215 (2015) (quoting <u>Rova Farms</u>, 65 N.J. at 484).  We are not so convinced in this case.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2461-17T2