**RECORD IMPOUNDED**

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-3486-14T4

IN THE MATTER OF THE
ADOPTION OF A CHILD BY
M.E.B. and K.N.

_____

| APPROVED FOR PUBLICATION |
| :---: |
| **January 29, 2016** |
| **APPELLATE DIVISION** |

Argued December 7, 2015 – Decided January 29, 2016

Before Judges Lihotz, Fasciale and Nugent.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FA-14-51-15.

Jason R. Melzer argued the cause for appellants M.E.B. and K.N. (Cole Schotz, P.C. and Guston & Guston, LLP, attorneys; Joseph Barbiere, Mr. Melzer and Debra E. Guston, of counsel and on the briefs; Nicole G. McDonough, on the briefs).

Jani Wase Vinick argued the cause for respondent S.D.G. (Haber Silver & Simpson, attorneys; Karin Duchin Haber, of counsel; Ms. Vinick, on the brief).

The opinion of the court was delivered by

LIHOTZ, P.J.A.D.

In this matter we review the required procedure to be followed when a party requests ex parte relief. We conclude plaintiffs' fundamental due process rights were trammeled as they were denied an opportunity to be heard prior to the dismissal of their complaint, with prejudice. We reverse and

vacate the order and remand the matter to the Assignment Judge for reassignment to a different Family Part judge to conduct further proceedings.

After briefly reciting the facts underlying the filing of this action, we concentrate our recitation on the procedural missteps that led to the entry of the March 19, 2015 order dismissing plaintiffs' complaint.

On February 20, 2015, plaintiffs M.E.B. and K.N., who live in Woodstock, New York, filed a verified complaint for adoption of their grandchild, naming the child's mother, S.D.G., and the child's father, R.C.N.-B., as defendants. Plaintiffs' complaint recited they "received the child into their care by verbal and implied consent of the child's birth parents[,]" who refused to contribute to or provide for the needs of the child, and "abandoned" the child to their care. Plaintiffs asserted defendants engaged in substance abuse and demonstrated other parental deficits, making them unable to provide the child with a stable and permanent home. Although they acknowledged the maternal grandparents contributed to the child's care during this time, plaintiffs asserted they too failed to act in the child's best interests and had suggested they neither wanted custody nor the responsibility of full-time care.

Once the complaint was filed, an order for preliminary hearing was issued, dated March 6, 2015. The order declared the child a ward of the court and placed the child in plaintiffs' temporary custody. Further, an agency investigation along with criminal and child abuse clearances were ordered. A hearing was scheduled for April 17, 2015.

When S.D.G. was served with the complaint and the preliminary order, she filed an ex parte order to show cause accompanied by certifications refuting the allegations of abandonment and asserted she never relinquished custody or abdicated her parental obligations. R.C.N.-B. supported the request for the child's immediate return to S.D.G.'s residential custody in her parents' home and for plaintiffs to be restrained from further contact with S.D.G. and the child.[1]

The ex parte proceeding was held on March 19, 2015. The judge found defendants' testimony credible, determined plaintiffs' complaint contained misrepresentations, and suggested the action was "a premeditated effort . . . to unlawfully obtain custody of [the child]." The judge further concluded the complaint was legally insufficient, stating it was "clear that adoption cannot possibly go forward." The judge

---

[1] R.C.N.-B. testified he had not been served with the complaint, but received the preliminary order.

vacated the March 6, 2015 order granting plaintiffs' temporary custody then, sua sponte, dismissed the adoption complaint with prejudice, stating plaintiffs lacked standing.

Plaintiffs appeal from the portion of the March 19, 2015 order dismissing their complaint with prejudice.[2] They assert notice of that hearing was not afforded, which denied them an opportunity to be heard. Substantively, plaintiffs argue the judge's conclusions regarding standing and the sufficiency of their complaint were flawed. During argument before this court, plaintiffs clarified they seek only to vacate the provision of dismissal and do not request return of custody at this time. S.D.G. responds, asserting the judge correctly determined plaintiffs lacked standing to proceed because the child was never placed in their care for adoption, making dismissal proper.

The issues presented on appeal require legal determinations, subject to our de novo review. We do not defer to "[a] trial court's interpretation of the law and the legal consequences that flow from established facts." Estate of

---

[2] While this appeal was pending, defendants moved to sanction plaintiffs' counsel, asserting plaintiffs lacked standing to file the complaint and the action was frivolous. The motion was denied without prejudice pending appeal.

Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 382 (2010) (citations omitted).

The United States Supreme Court has recognized the due process guarantee expressed in the Fourteenth Amendment to the United States Constitution includes "the requirement of 'fundamental fairness'" in a legal proceeding. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 24, 101 S. Ct. 2153, 2158, 68 L. Ed. 2d 640, 648 (1981). See U.S. Const. amend. XIV, § 1. Our Supreme Court has engrafted these protections upon Article I, Paragraph 1 of the State Constitution, concluding it also "'protect[s] against injustice and, to that extent, protect[s] values like those encompassed by the principle[s] of due process[,]'" even though the provision "does not expressly refer to the right to due process of law[.]" Crespo v. Crespo, 408 N.J. Super. 25, 34 (App. Div. 2009) (third alteration in original) (quoting Doe v. Poritz, 142 N.J. 1, 99 (1995)), aff'd o.b., 201 N.J. 207 (2010).

A litigant in civil proceedings is entitled to a fair hearing, imbued with the protections of due process. D.N. v. K.M., 429 N.J. Super. 592, 602 (App. Div. 2013), certif. denied, 216 N.J. 587 (2014). In the context of litigation, fundamental due process demands a party be given adequate notice and a reasonable opportunity to be heard. Ewing Oil, Inc. v. John T.

5                                                          A-3486-14T4

Burnett, Inc., 441 N.J. Super. 251, 260 (App. Div. 2015).  See also Doe, supra, 142 N.J. at 106 ("Fundamentally, due process requires an opportunity to be heard at a meaningful time and in a meaningful manner.").  Additionally, due process protections encompass "procedural safeguards including the right to cross-examine adverse witnesses and the right to call witnesses." Peterson v. Peterson, 374 N.J. Super. 116, 124 (App. Div. 2005).  See A.B. v. Y.Z., 184 N.J. 599, 604 (2005) ("[D]ue process guarantees civil litigants a measure of confrontation."); H.E.S. v. J.C.S., 175 N.J. 309, 321-23 (2003).

Rule 1:6-2(a) incorporates these protections when an emergent application is filed, stating:

> An application to the court for an order shall be by motion, or in special cases, by order to show cause.  A motion, other than one made during a trial or hearing, shall be by notice of motion in writing unless the court permits it to be made orally.  Every motion shall state the time and place when it is to be presented to the court, the grounds upon which it is made and the nature of the relief sought . . . .

Further, "[d]uring the pendency of an action," Rule 4:52-2 permits a party to seek "a temporary restraint or an interlocutory injunction . . . by motion or by order to show cause," following the procedures outlined in Rule 4:52-1.

Understanding "a court of equity ordinarily has broad discretion in determining whether to grant injunctive relief[,]"

Bubis v. Kassin, 353 N.J. Super. 415, 424 (App. Div. 2002), nevertheless, prior to issuing an order to show cause with restraints, a judge must conduct a proceeding, which "shall be recorded verbatim" unless a sound recording device is unavailable. R. 4:52-1(a). See also R. 1:2-2 ("Ex parte proceedings pursuant to R. 4:52 and R. 4:67 shall . . . be recorded verbatim subject to the availability of either a court reporter or a recording device."). The rule also mandates applications for injunctive relief "shall not, however, include any temporary restraints or other interim relief unless the defendant has either been given notice of the application or consents thereto." R. 4:52-1(a) (emphasis added).

The prior notice provision is not inflexible. The rule permits judicial review absent compulsory notice if

> it appears from specific facts shown by affidavit or verified complaint that immediate and irreparable damage will probably result to the plaintiff before notice can be served or informally given and a hearing had thereon. If the order to show cause includes temporary restraints or other interim relief and was issued without notice to the defendant, provision shall be made therein that the defendant shall have leave to move for the dissolution or modification of the restraint on 2 days' notice or on such other notice as the court fixes in the order.
>
> [Ibid.]

As required by Rule 1:7-4,[3] specific factual findings underpinning the legal conclusions must be made by the judge during the recorded ex parte proceeding, which show "immediate and irreparable damage will probably result to the [requesting party] before notice can be served or informally given and a hearing" conducted. R. 4:52-1(a). Once entered, any order to show cause "shall be served upon defendant together with a copy of the complaint and any supporting affidavits at least 10 days before the return date and in the manner prescribed by" the rules governing service of actions. R. 4:52-1(b).

It is one thing to schedule ex parte review of an application initiated by an order to show cause that also seeks temporary restraints; it is quite another to terminate the litigation on an ex parte basis. If a party demonstrates the need for ex parte relief, the judge considers the matter on the record and, upon a specific finding that immediate and irreparable harm would result were notice given, could issue an order to show cause. The adverse party must then be given an opportunity to be heard, including the chance to show injunctive relief was inappropriate or improvidently granted. See Cardillo

---

[3]    Rule 1:7-4(a) requires a trial judge to describe, by oral opinion or memorandum of decision, facts found, supported by competent evidence in the record, and conclusions of law drawn substantiating the relief awarded to the prevailing party. Curtis v. Finneran, 83 N.J. 563, 570 (1980).

v. Bloomfield 206 Corp., 411 N.J. Super. 574, 581 (App. Div. 2010) ("The rules contemplate that upon an application for temporary restraints only temporary relief will be granted, if appropriate, and that a final return date will be set to consider a final disposition."). Thus, the rule is clear, when an injunction is requested, the proceeding to consider the order to show cause with restraints shall be on the record, requisite findings supporting relief must be made, and the adverse party must be given an opportunity to be heard on the scheduled return date. Even when restraints are not entered, the adverse party must be given the opportunity to respond to the entry of an order to show cause.

We now apply these requirements to the facts at hand. Defendants moved for emergent injunctive relief without notice to plaintiffs. It is unclear whether the order to show cause was entered or whether the March 19, 2015 proceeding was a scheduling date to consider the application.[4] If the former, no

---

[4] We note the form of order to show cause contained in S.D.G.'s appendix was entered; however, as presented the order fails to comply with Rule 4:52-4, which compels "[e]very order granting an injunction and every restraining order shall set forth the reasons for its issuance[.]" An order that merely parrots irreparable harm will result, without stating the basis for entry of relief and correlating the facts to legal conclusions, falls short of a judge's responsibility under Rule 1:7-4(a). The record is silent on how the evidentiary hearing date of March 19, 2015 was set.

record of the proceeding was made, despite the very clear requirement set forth in Rule 4:52-1(a).

Assuming the hearing was to consider the application for relief, the record shows plaintiffs were not served with defendants' pleadings or even informed an evidentiary proceeding would be conducted on March 19, 2015. At the commencement of the hearing, the judge neither inquired nor made findings regarding the lack of notice to plaintiffs, except, at the conclusion of the ex parte proceeding, she stated prior notice to plaintiffs was "unnecessary" because she declined to grant defendants' request for restraints. Arguably, defendants' claim of immediate and irreparable harm if notice were given may have been supported; however, the judge made no such finding and we cannot infer same from this record. Moreover, we cannot conceive of a circumstance permitting the ex parte review and dismissal of an adverse party's pleading without notice to that party or allowing the party to appear and defend his or her position. See Barblock v. Barblock, 383 N.J. Super. 114, 122 (App. Div.) ("The credibility of the parties' contentions may wither, or may be fortified, by exposure to cross-examination . . . ."), certif. denied, 187 N.J. 81 (2006).

Also, we note the rationale for dismissal was not articulated, except for reciting the conclusion plaintiffs

lacked standing. We are left to wonder how the judge applied Rule 4:6-2(e), what deficits were found in plaintiffs' complaint, or what factual foundation supported this conclusion.[5] The failure to perform this basic judicial function of stating the basis supporting the ultimate order works a disservice, as it leaves the litigants scratching their heads and severely hinders appellate review. Curtis, supra, 83 N.J. at 570. Naked conclusions are like a ghost ship, where "[o]ne hears the creak of the rigging, the groan of the timber, and the muted sound of voices through the fog -- but there is nothing solid to be grasped." Sanchez v. Puerto Rico Oil Co., 37 F.3d 712, 716 (1st Cir. 1994). See also Pardo v. Dominquez, 382 N.J. Super. 489, 492 (App. Div. 2006) (finding a "judge's comment or question in colloquy [cannot] provide the reasoning for an opinion, which requires findings of fact and conclusions of law").

For all of these reasons, the March 19, 2015 order granting final relief and dismissing plaintiffs' complaint, with prejudice, must be vacated. On remand, we direct the Assignment

---

[5]    The judge did not identify the basis of her examination. Under Rule 4:6-2(e) the court is bound by the four corners of the complaint; yet here the judge's findings went beyond the pleadings and her decision relied on defendants' unchallenged testimony. See Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) ("[U]nder Rule 4:6-2(e)[,]" a reviewing court "is limited to examining the legal sufficiency of the facts alleged on the face of the complaint.").

Judge to re-assign this matter to a different judge to avoid the appearance of bias or prejudice based upon the prior involvement and statements regarding plaintiffs' motivation voiced by the judge during the ex parte proceeding. Entress v. Entress, 376 N.J. Super. 125, 133 (App. Div. 2005).

We briefly address S.D.G.'s legal contentions. She initially suggests defendants proved plaintiffs' lack of standing to seek adoption, which fully justified dismissal of the complaint with prejudice.[6] Although we agree a lack of standing may warrant dismissal of a complaint, see In re Ass'n of Trial Lawyers of Am., 228 N.J. Super. 180 (App. Div.), certif. denied, 113 N.J. 660 (1988), dismissal here cannot be upheld because it was premised upon defendants' unchallenged testimony, offered in an ex parte hearing. We wholeheartedly reject, as untenable, a proposition suggesting a court can dismiss a filed complaint, with prejudice, without allowing plaintiffs the opportunity to defend the sufficiency of their claims. "Shortcuts should not be utilized at the expense of

_____

[6] Standing for adoption is set forth in N.J.S.A. 9:3-43. See also In re Adoption of Two Children by H.N.R., 285 N.J. Super. 1, 7 (App. Div. 1995). Further, N.J.S.A. 9:3-48 governs procedures for a private adoption. N.J.S.A. 9:3-46 addresses a parent's objection to a request for adoption.

justice." Klier v. Sordoni Skanska Const. Co., 337 N.J. Super. 76, 83 (App. Div. 2001).

S.D.G. also advances the argument that dismissal was required under Rule 5:10, which implies as a prerequisite to filing a complaint for adoption, evidence the child is "available for adoption" after having been "placed for adoption." She further notes defective adoption complaints may be dismissed by the court, ex parte, pursuant to Rule 5:10-4(b)(3). We reject these contentions.

Rule 5:10-3 aids implementation of the Adoption Act, N.J.S.A. 9:3-37 to -56, by defining the contents of a complaint. The statute defines "placement for adoption" as "the transfer of custody of a child to a person for the purpose of adoption by that person[.]" N.J.S.A. 9:3-38(g). The factual circumstances of why the child was in plaintiffs' care or whether plaintiffs proved their right to relief were disputed. The resolution of material facts must be made by a factfinder after consideration of evidence offered not only by defendants, but also by plaintiffs. Further, if the underlying facts are undisputed, our rules include the procedure for requesting summary judgment. R. 4:46-1. In each case, the court must afford both sides notice and the opportunity to be heard.

The rules also provide for the court's review of adoption complaints _prior to docketing_ and execution of a preliminary order. See _R._ 5:10-4(a). Questions raised regarding jurisdiction or the sufficiency of the factual basis supporting relief may be considered by the judge, as directed by _Rule_ 5:10-4(b)(3). The preliminary rejection of a pleading as insufficient should be accompanied by a statement identifying deficiencies or a request for an amended complaint. In either case, dismissal of the action must be _without prejudice_. _Ibid._ Once a complaint has been docketed, however, proceedings shall be conducted on notice to all parties giving those who appear the opportunity to be heard.

Reversed and remanded with directions the matter be reassigned.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3486-14T4