**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0779-24

YOJAYRA MORILLO,

    Plaintiff-Respondent,

v.

CARLOS BORRERO, a/k/a
CARLOS BORERO,

    Defendant-Appellant.

_____

Submitted December 16, 2025 – Decided December 31, 2025

Before Judges Chase and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. DC-014725-23.

Kristina Bergsten (The Animal Law Firm) attorney for appellant.

Cohen Law NJ, PC, attorneys for respondent (Leonard B. Cohen, of counsel and on the brief).

PER CURIAM

Plaintiff Carlos Borrero appeals from an October 23, 2024 Special Civil Part order denying his motion to reopen his case after final judgment. We affirm.

I.

The underlying dispute before us concerns the custody of Luna, a dog purchased in 2018 by Borrero, who asserts that he did not gift Luna to defendant Yojayra Morillo. After the couple separated in January 2022, they initially agreed to share Luna, alternating custody each week. This arrangement broke down after Morillo secured a job in Massachusetts and Borrero refused to continue sharing custody, expressing concerns about Luna's adjustment to different environments.

In October 2023, Morillo filed several pleadings to repossess Luna including a verified complaint for wrongful distraint, seeking return of personal property and restraints; an order to show cause for return of personal property and restraints with a certification to support; a verified complaint to restore plaintiff to possession of premises and other relief; an order to show cause for return to premises with restraints; and a certification in support of the order to show cause along with an exhibit of a certificate of Luna's rabies certificate.

A-0779-24

After Borrero filed a response claiming that he did not gift Luna to Morillo, the Special Civil Part held a summary hearing in November 2023. Having received evidence and the testimony of both sides, the court ordered joint custody to be exercised by a transfer every three months.

Borrero filed a motion to amend the judgment. This motion was denied because Borrero failed to serve Morillo. In February 2024, Borrero filed a motion for reconsideration which was subsequently denied in March after the parties had an opportunity to be heard. In June, Morillo filed a motion to enforce litigants' rights, which was granted. The order included a daytime warrant for Borrero's arrest.

In August, Borrero filed a "Motion to Reopen the Case." Morillo then filed a cross-motion. On September 27, 2024, the court denied Borrero's motion to reopen. On the same date, the court granted Morillo's cross-motion, ordering Borrero to transfer custody of Luna to Morillo and for the Essex County Sheriff's Office, or any other law enforcement agency, to execute the warrant issued by the court on May 28, 2024. Each of these orders were filed by the court on October 23, 2024.

This appeal followed.

A-0779-24

## II.

We review a motion to vacate final judgment under Rule 4:50-1 for an abuse of discretion. 257-261 20th Ave. Realty, LLC v. Roberto, 259 N.J. 417, 436 (2025); BV001 REO Blocker, LLC v. 53 W. Somerset St. Props., LLC, 467 N.J. Super. 117, 124 (App. Div. 2021). "An abuse of discretion occurs when the trial court's decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Savage v. Township of Neptune, 472 N.J. Super. 291, 313 (App. Div. 2022), aff'd in part, rev'd in part, 257 N.J. 204 (2024) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)). "When examining a trial court's exercise of discretionary authority, we reverse only when the exercise of discretion was 'manifestly unjust' under the circumstances." Newark Morning Ledger Co. v. N.J. Sports & Exposition Auth., 423 N.J. Super. 140, 174 (App. Div. 2011) (quoting Union Cnty. Improvement Auth. v. Artaki, LLC, 392 N.J. Super. 141, 149 (App. Div. 2007)).

Rule 4:50-1 is "designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Mancini v. EDS, 132 N.J. 330, 334 (1993) (quoting Baumann v. Marinaro, 95 N.J. 380, 392

4

(1984)). "[T]he rule is a carefully crafted vehicle intended to underscore the need for repose while achieving a just result." D.M.C. v. K.H.G., 471 N.J. Super. 10, 26 (App. Div. 2022) (quoting DEG, LLC v. Township of Fairfield, 198 N.J. 242, 261 (2009)).

"Rule 4:50-1 provides for relief from a judgment [or order] in six enumerated circumstances[,]" Ibid. (quoting In re Est. of Schifftner, 385 N.J. Super. 37, 41 (App. Div. 2006)), and provides:

> On motion, with briefs, and upon such terms as are just, the [judge] may relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R[ule] 4:49; (c) fraud . . . , misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.
>
> [Rule 4:50-1.]

Equitable principles should guide the court's analysis regardless of the subsection. MTAG v. Tao Invs., LLC, 476 N.J. Super. 324, 333 (App. Div. 2023) (quoting F.B. v. A.L.G., 176 N.J. 201, 207 (2003)).

## III.

Preliminarily, we note that Borrero only appeals from the October 23, 2024 orders denying his motion to reopen. "[I]t is only the judgments or orders or parts thereof designated in the notice of appeal which are subject to the appeal process and review." Pressler & Verniero, Current N.J. Court Rules, cmt. 6.1 on R. 2:5-1 (2025); see also Campagna ex rel. Greco v. American Cyanamid Co., 337 N.J. Super. 530, 550 (App. Div. 2001) (refusing to consider an order not listed in the notice of appeal). Although Borrero raises several arguments regarding the November 2023 summary hearing, March 2024 motion for reconsideration, and June 2024 motion to enforce litigants' rights, these claims are each time-barred because the forty-five-day period to appeal under Rule 2:4-1(a) has passed. Consequently, we only address Borrero's challenge that the court erred in declining to reopen the matter.

Borrero asserts that his motion to reopen should have been granted under Rule 4:50(a), (d), and (f). Although not a model of clarity, Borrero's argument rests on the notion that he was denied due process. We are not persuaded.

A-0779-24

"The United States Supreme Court has recognized the due process guarantee expressed in the Fourteenth Amendment of the United States Constitution includes 'the requirement of "fundamental fairness"' in a legal proceeding." In re Adoption of Child ex rel. M.E.B., 444 N.J. Super. 83, 88 (App. Div. 2016). While the New Jersey Constitution "does not expressly refer to the right to due process of law," the Supreme Court "has engrafted these protections upon Article I, Paragraph 1 of the State Constitution, concluding it also 'protect[s] against injustice and, to that extent, protect[s] values like those encompassed by the principle[s] of due process . . . .'" Ibid. (quoting Crespo v. Crespo, 408 N.J. Super. 25, 34 (App. Div. 2009)) (third alteration in original).

The right to due process entitles a civil litigant to, inter alia, a fair hearing. Ibid. "Fundamentally, due process requires [notice and] an opportunity to be heard at a meaningful time and in a meaningful manner." Doe v. Poritz, 142 N.J. 1, 106 (1995). Ultimately, due process is a flexible concept that depends upon the particular facts and circumstances of the case. Ibid.

Borrero's testimony was heard at the summary hearing in November 2023 and during his motion for reconsideration in March 2024. Furthermore, he had the opportunity to appeal the respective decisions. In sum, he was afforded all procedural due process to which he was entitled. There was no "mistake,

7

inadvertence, surprise, or excusable neglect" by the court, R. 4:50-1(a), and no credible reason why this judgment would be void. R. 4:50-1(d).

Borrero also fails to show that relief is warranted pursuant to Rule 4:50-1(f). Rule 4:50-1(f) relief is only granted when "truly exceptional circumstances are present[.]" Baumann v. Marinaro, 95 N.J. 380, 395 (1984). Four factors are to be considered in determining if exceptional circumstances warrant relief from judgment: "(1) the extent of the delay [between dismissal of case and motion to reopen], (2) the underlying reason or cause, (3) the fault or blamelessness of the litigant, and (4) the prejudice, that would accrue to the other party." Jansson v. Fairleigh Dickinson Univ., 198 N.J. Super. 190, 195 (App. Div. 1985). Borrero fails to show that any one of these factors exists. The trial court provided clear reasoning regarding its denial of Borrero's motion to reopen and there has been no abuse of discretion shown.

Lastly, Borrero's argument that he was unduly prejudiced by the trial court's failure to timely file the September 2024 order until October 23, 2024, is without merit. Time for Borrero to appeal began when the order was entered into the docket rather than when the order was signed. Rule 2:4-1(a)'s plain language is clear; the timeline for a party's appeal begins on the date of court's entry of the order rather than the date that the order was written on. "[R]unning

8

of the time periods prescribed by R. 2:4-1(a) for appeal . . . is expressly triggered by the date the order is entered pursuant to Rule 4:47. [ ]Until an order—not a decision nor an opinion nor any other indication of disposition—is entered, neither time period starts to run." Beck v. Beck, 239 N.J. Super. 183, 189 (App. Div 1990). Borrero has not shown any prejudice by the October filing of the order from the end of September as his appeal has been addressed on the merits.

To the extent we have not specifically addressed any other contentions raised by plaintiff, they lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0779-24