**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0247-25

GINA CIFELLO,

    Plaintiff-Appellant,

v.

ESSEX COUNTY SURROGATE
COURT CLERK,

    Defendant-Respondent.

_____

Argued May 6, 2026 – Decided May 22, 2026

Before Judges Paganelli and Jacobs.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. C-000127-25.

Gina Cifello, appellant, argued the cause on appellant's behalf.

Gary J. Cucchiara, Assistant County Counsel, argued the cause for respondent (Jerome M. St. John, Essex County Counsel, attorney; Gary J. Cucchiara, on the brief).

PER CURIAM

Plaintiff Gina Cifello appeals from an August 1, 2025 order denying an order to show cause (OTSC) she attempted to file with the Essex County Surrogate's Court (Surrogate) and the dismissal of her subsequent complaint naming the Surrogate as a defendant. Because we conclude plaintiff was not provided notice and a reasonable opportunity to be heard, we vacate the order and remand for further proceedings consistent with this opinion.

We glean the procedural history from the meager record. On June 11, 2025, plaintiff filed a complaint against the Surrogate in the Chancery Division. Plaintiff alleged that a few days prior, she had attempted to file an OTSC with the Surrogate and the filing was refused. Plaintiff contended as a result of the Surrogate's refusal, she "was unable to exercise her right to petition the [c]ourt for redress and was denied access to [the] court."

In a June 11, 2025 email to plaintiff, the Chancery Division judge's staff acknowledged "receipt of [he]r complaint" and requested "the document [plaintiff] w[as] trying to file but was refused." Other than this email, plaintiff received no notice her complaint was under review by the court. The Surrogate did not file an answer to the complaint, pursuant to Rule 4:5-3; nor did the Surrogate move to dismiss the complaint, pursuant to Rule 4:6-2. Nevertheless, on August 1, 2025, the court denied plaintiff's OTSC "in its entirety." The order

states: "the refusal of the . . . Surrogate to file the memorial correction/change of birth records was appropriate as the document does not state a legally cognizable claim nor meet the requirements of a [c]omplaint venued in the Probate Part of the Chancery Division." The order seemingly affirms the Surrogate's refusal to file the OTSC; denies the OTSC, although it was never filed; and dismisses the complaint against the Surrogate.

On appeal, plaintiff contends the trial court: deprived her of due process; erred in dismissing rather than transferring the matter to the correct division; and failed to adequately explain its reasons. Further, she contends the Surrogate's refusal to file her documents denied her right to petition and access to the courts.

The issues raised on appeal require review of the law and are subject to our de novo review. We owe no deference to "[a] trial court's interpretation of the law." In re Adoption of Child ex rel. M.E.B., 444 N.J. Super. 83, 88 (App. Div. 2016) (alteration in original) (quoting Est. of Hanges v. Metro Prop. & Cas. Ins. Co., 202 N.J. 369, 382 (2010)).

"[T]he desire to facilitate judicial administration must take a back seat to our primary goal which is to adjudicate cases fairly and impartially. Shortcuts should not be utilized at the expense of justice." Klier v. Sordoni Skanska

Constr. Co., 337 N.J. Super. 76, 83 (App. Div. 2001). "We wholeheartedly reject, as untenable, a proposition suggesting a court can dismiss a filed complaint, with prejudice, without allowing plaintiffs the opportunity to defend the sufficiency of their claims." M.E.B., 444 N.J. Super. at 93.

"The minimum requirements of due process of law are notice and an opportunity to be heard." Klier, 337 N.J. Super. at 84. "Fundamentally, due process requires an opportunity to be heard at a meaningful time and in a meaningful manner." Seoung Ouk Cho v. Trinitas Reg'l Med. Ctr., 443 N.J. Super. 461, 472-73 (App. Div. 2015) (quoting Doe v. Poritz, 142 N.J. 1, 106 (1995)).

Applying this well-established law, we vacate the August 1, 2025 order and remand the matter to the trial court for further proceedings. Plaintiff was not provided with notice or opportunity to be heard before the trial court entered the dispositive order. On remand, the court must provide a hearing date and time for plaintiff to defend her filings. In addition, the court shall provide the Surrogate with notice, and if it so chooses, a reasonable period of time to answer or otherwise respond to the complaint. We offer no opinion on the merits of plaintiff's pleadings or the outcome of these proceedings.

A-0247-25

Vacated and remanded for proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*m.C. Harley*

Clerk of the Appellate Division