**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4044-23

LYUDMILLA POPOVA,

    Plaintiff-Appellant,

v.

NAZIM TAGHIYEV,

    Defendant-Respondent.

_____

        Argued January 21, 2026 – Decided June 22, 2026

        Before Judges Sumners and Chase.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-0699-24.

        Thomas A. Brewer argued the cause for appellant (Einhorn Barbarito Frost Botwinick Nunn & Musmanno PC, and Gebhardt & Kiefer, PC, attorneys; Matheu D. Nunn, Jessie M. Mills, and Diana N. Fredericks, on the briefs).

        Irene Shor argued the cause for respondent (Irene Shor, LLC, attorneys; Valerie R. Wane, on the brief).

PER CURIAM

Plaintiff Lyudmilla Popova appeals a Family Part July 31, 2024 order granting defendant Nazim Taghiyev's motion enforcing a Memorandum of Understanding (MOU) resolving their divorce proceedings and awarding him attorney's fees. We reverse and remand to a different trial court because the court denied plaintiff procedural due process by ruling on the motion before its scheduled return date and mistakenly applied its discretion in denying her adjournment request.

At a May 21, 2024 divorce mediation session, plaintiff, represented by her second attorney, executed a MOU setting forth the essential terms settling her divorce, with the understanding that it would later be incorporated into a formal marital settlement agreement (MSA). When the MSA, which incorporated the MOU, was sent to her attorney, plaintiff refused to sign it. She claimed the MOU should be voided because she was not represented by competent counsel. On June 19, the court issued an order relieving plaintiff's attorney.

On July 10, defendant moved to enforce the MOU, incorporate the MOU into a final judgment of divorce, and require plaintiff to pay his attorney's fees and costs.

Five days later, the self-represented plaintiff submitted a July 15 letter to the court, enclosing an amended MOU proposal that she had executed, but which

A-4044-23

defendant's attorney rejected.  She further asserted that she refused to sign the MSA because she would not "attest to things that are not true" and was unable to retain new counsel.

On July 24, plaintiff submitted another letter to the court, acknowledging receipt of defendant's motion to enforce the MOU.  She stated the motion was returnable on August 16 and requested an "in-person [c]ase [m]anagement [c]onference as soon as possible . . . to help [the parties] resolve the impasse between us and bring this matter [t]o its much-needed resolution."  She also "respectfully request[ed] that [t]he August 16[] date be adjourned at least two weeks so that I can have sufficient time [t]o consult with counsel to prepare the necessary cross[-]application."  Plaintiff maintained "[t]here is no harm nor [p]rejudice to [] defendant in this brief adjournment; to the contrary, [h]e is withholding support until the signing of the MSA (which he refuses to countersign) [s]o I am the one prejudiced by the delays I am seeking."  Plaintiff also asked "[w]hether there remains a date on the court's calendar of July 31[] as the [F]amily [D]ivision was [u]nable to answer that question."[1]

---

[1]  Plaintiff's letter revealed that she "ha[d] assistance [i]n the drafting of this [c]ommunication, but ha[d] been unable, thus far to find [a]n attorney willing to [r]epresent [her] formally in light of the deadlines imposed."

On July 31, the trial court, noting this was "the return date of trial," heard defendant's motion to enforce the MOU. The court categorized plaintiff's two letters as "informal oppositions." After the court recited the prior proceedings, plaintiff disagreed and stated: "I am unable to proceed . . . without the attorney because I do not know the judicial protocol and I do not know the actions that have to be taken in the [c]ourt and also I do not speak the legal language." The court replied, "I actually don't need argument on the motion. I thought it was pretty thorough." The court did not ask defendant to address the merits of his motion and stated that it was granting defendant's motion and awarding him attorney's fees due to plaintiff's bad faith conduct in seeking to invalidate the MOU. In addition to stating it would "issue a comprehensive order setting forth . . . a lot of the applicable case law on point," the court made some remarks as a precursor to its written order. That day, the court issued a nine-page order explaining its reasons for enforcing the MOU, incorporating the MOU into the final judgment of divorce, and awarding defendant $3,500 in attorney's fees and costs.

Before us, plaintiff contends the trial court violated her due process rights by prematurely deciding defendant's motion on July 31, before the August 16 return date without notice; denying her the opportunity to file an opposition and

4

a cross-motion; incorporating an MSA into a final judgment of divorce; and awarding defendant attorney's fees. Plaintiff seeks reversal of "[t]he July 31, 2024 [o]rder . . . in its entirety, the portion of the [judgment of divorce] incorporating the MOU should be vacated, and on remand, a different [court] should be assigned to this case." We agree.

We are convinced that a procedural due process error occurred when the trial court decided defendant's motion on July 31. Since the motion was filed on Wednesday, July 10, his motion was a day late to fall within the next motion cycle on August 2. See R. 5:5-4(c) (motions must be filed on a Tuesday and the return date is twenty-four days after that Tuesday).[2] Thus, defendant's motion was returnable on August 16. Even though the notice of motion failed to specify the return date, plaintiff acknowledged in her July 15 letter that the motion was returnable on August 16. In accordance with Rule 5:5-4(d), plaintiff had until August 1, fifteen days before the motion's return date, to file opposition or a cross-motion.

---

[2] Although defendant's notice of motion to enforce the MOU did not specify the return date, it did correctly state: "All [m]otions must be filed on the Tuesday, 24 days before the return date. A response or [c]ross [m]otion must be filed fifteen (15) days (Thursday) before the return date."

These procedural due process violations were not harmless errors. See Jacobs v. Stephens, 139 N.J. 212, 219 (1995) (quoting Johnstone v. Kelly, 808 F.2d 214, 218 (2d Cir. 1986)) ("A harmless-error analysis is applied typically to a 'denial of rights accorded to defendants to facilitate their defense.'"). Plaintiff was denied a "fair hearing, imbued with the protections of due process." In re Adoption of Child ex rel. M.E.B., 444 N.J. Super. 83, 88 (App. Div. 2016). By hearing and deciding defendant's motion on July 31 without notice, the trial court denied plaintiff the opportunity to oppose the motion or cross-move for relief.

The court's due process violation was exacerbated when it did not grant plaintiff's July 24 letter request for a two-week adjournment of the August 16 motion return date — the date the motion should have been heard. Plaintiff maintained that she was unprepared to proceed without an attorney and needed more time to retain one.

It is within the trial court's discretion to grant an adjournment or continuance if either party requests it for the purpose of obtaining or consulting with an attorney, securing witnesses, or other good cause, unless the delay would create an extreme hardship on the other party or there had been an inordinate delay in seeking counsel. See, e.g., H.E.S. v. J.C.S., 175 N.J. 309, 324 (2003)

A-4044-23

(explaining situations in which trial courts should grant adjournments for due process purposes). As our Supreme Court has stated, "[o]ur courts have broad discretion to reject a request for an adjournment that is ill founded or designed only to create delay, but they should liberally grant one" when necessary, to safeguard a party's due process rights. J.D. v. M.D.F., 207 N.J. 458, 480 (2011). From our review of the record, it appears the court was frustrated with plaintiff because two attorneys were relieved of representing her and she claimed that she did not receive proper legal representation. The court, however, should have exercised greater patience, given the request was for just two weeks and there was no indication in the record that defendant would be prejudiced by the adjournment.

The cogent words of Judge Pressler, expressed over four decades ago, still ring true today:

> Had [plaintiff] been fairly dealt with by being given an opportunity to file answering papers . . . all that would have ensued would have been a two-week delay in the disposition of [defendant's] nonemergent motion. Instead, over a year has now passed without a final determination of [defendant's] application on the merits. The resources, financial and otherwise, of the parties, their attorneys and the court system as a whole have been needlessly expended in the meantime. It was thus obviously and inexcusably unproductive and uneconomical to all of the legitimate interests here involved, both personal and institutional, for an appeal

to have had to be taken here to rectify so clear a denial of procedural due process, particularly in view of the rectification opportunity afforded to the trial judge by way of the motion for reconsideration.

[Rubin v. Rubin, 188 N.J. Super. 155, 159-60 (App. Div. 1982).]

Here, we are unable to exercise our original jurisdiction to bring this matter to a fair conclusion for the litigants because the record precludes that option given the need for a factual finding regarding plaintiff's allegations opposing defendant's motion to enforce the MOU. See State v. Nieves, 476 N.J. Super. 405, 424-25 (App. Div. 2023) (alteration in original) (quoting Vas v. Roberts, 418 N.J. Super. 509, 523-24 (App. Div. 2011)) (recognizing that an appellate court may exercise original jurisdiction "'to avoid unnecessary further litigation'" when "'the record is adequate to terminate the dispute and no further factfinding'" is necessary). We therefore remand to afford plaintiff the opportunity to oppose defendant's motion to enforce the MOU and file a cross-motion in accordance with our court rules.

Finally, out of an abundance of caution, a remand to a different court is warranted due to the "concern that the trial [court] has a potential commitment to . . . [its] prior findings." Graziano v. Grant, 326 N.J. Super. 328, 349-50 (App. Div. 1999); see also Entress v. Entress, 376 N.J. Super. 125, 133 (App.

A-4044-23

Div. 2005) (remanding to a different court out of "an abundance of caution . . . to avoid the appearance of bias or prejudice based upon the [initial court's] prior involvement with the matter and [its] expressions of frustration with plaintiff").

Reversed and remanded to a different court. Remand shall be completed within sixty days of this decision.

We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Hanley*

Clerk of the Appellate Division

A-4044-23